IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELVIN OWENS, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br>   v.<br><br>BIOLIFE ENERGY SYSTEMS SOLUTIONS INC.,<br><br>                Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

       Plaintiff Melvin Owens ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief against Biolife Energy Systems Solutions Inc. ("Biolife" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act ("TCPA"). Plaintiff brings this Complaint to: (1) stop Defendant's practice of placing calls using an artificial or pre-recorded voice ("APRV") to the telephones of consumers nationwide without their prior express written consent; (2) enjoin Defendant from continuing to place telephone calls using an artificial or prerecorded voice to consumers who did not provide their prior express written consent to receive them, and (3) obtain redress for all persons injured by its conduct.

## NATURE OF THE ACTION

    1.    This is a class action against Biolife Energy Systems Solutions Inc. for its widespread and pervasive violations of the TCPA.

    2.    Biolife and/or its agents called Mr. Owens's cellular telephone using an artificial and/or pre-recorded voice ("APRV") multiple times, including, but not limited to, the following calls:

1

| Calling Number | Date/Time |
|---|---|
| 347-263-7198 | July 18, 2020 at 11:40 a.m. |
| 718-569-5646 | July 21, 2020 at 6:32 p.m. |
| 954-283-5301 | July 23, 2020 at 3:56 p.m. |
| 917-791-5594 | July 24, 2020 at 3:35 p.m. |
| 347-242-5701 | July 25, 2020 at 12:14 p.m. |
| 718-569-5646 | July 30, 2020 at 4:25 p.m. |
| 305-925-9758 | September 19, 2020 at 1:48 p.m. |
| 305-925-9758 | September 19, 2020 at 1:51 p.m. |

3. When Plaintiff answered the calls, a prerecorded voice identified itself as Biolife and advertised limited-time discounts on Biolife's products.

4. The calls became so harassing and frequent that Plaintiff was forced to change his phone number in an attempt to stop the calls. Despite this, Plaintiff *still* continues to receive harassing pre-recorded calls from Defendant at his new phone number.

5. Defendant owns each of the telephone numbers listed above.

6. Plaintiff is not a customer of Defendant, has never done business with Defendant, and has no prior relationship with Defendant.

7. Plaintiff never provided consent to be called by Defendant.

8. The unlawful calls placed to Plaintiff are part of Defendant's pattern of practice of calling consumers who have no direct relationship with Defendant using an artificial and/or pre-recorded voice.

9. Defendant conducted (and continues to conduct) a wide-scale campaign that features the repeated making of unwanted pre-recorded phone calls to consumers' telephones

without prior express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

10. Prior to placing these calls to consumers, Defendant fails to obtain prior express written consent as required by the TCPA from telephone owners/users to make such calls.

11. In fact, there are many examples of consumers complaining about Defendant's practices. Other consumers have logged complaints on the Internet about receiving identical prerecorded calls from Defendant via the phone numbers 718-569-5646, 917-791-5594, and 347-242-5701, just like Plaintiff.[1]

12. At all times material herein, Defendant was and is fully aware that unwanted prerecorded telemarketing calls are being made to consumers' telephones on its behalf.

13. Defendant knowingly made (and continues to make) prerecorded solicitation calls to telephones without the prior express written consent of the call recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

14. By making these calls, Defendant knowingly caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes but is not limited to the aggravation and nuisance that result from the receipt of such calls.

15. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an APRV without their prior express written consent within the meaning of the TCPA.

---

[1] http://www.nomorobo.com/lookup/718-569-5646, https://www.nomorobo.com/lookup/917-791-5594, and https://www.nomorobo.com/lookup/347-242-5701 (last accessed Sep. 23, 2020).

**PARTIES**

16. Plaintiff Melvin Owens is, and at all times mentioned herein was, a resident of Roosevelt, New York, and a citizen of the State of New York.

17. Defendant Biolife Energy Systems Solutions Inc. is a corporation with a principal place of business at 222 Broadway, New York, New York 10038. Defendant is a "person" as defined by 47 U.S.C. § 153(39). Defendant conducts substantial business throughout this District and the State of New York.

18. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

**JURISDICTION AND VENUE**

19. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

20. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in this District.

21. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District.

**CLASS ACTION ALLEGATIONS**

22. Plaintiff brings this action on behalf of the following Class: All persons within the United States who (a) received a nonemergency telephone call; (b) on his or her cellular or

landline telephone; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

23. Plaintiff represents, and is a member of, the Class. Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

24. Plaintiff does not know the exact number of members in the proposed Class, but is reasonably informed and believes, based on the scale of Defendant's business, that the Class is so numerous that individual joinder would be impracticable.

25. Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant through the receipt of unsolicited and harassing telephone calls and listening to such pre-recorded messages live or on voicemail, and violations of their statutory rights.

26. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

27. The proposed Class can be identified easily through records maintained by Defendant.

28. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the Class's claims predominate over questions which may affect individual members of the proposed Class. Those common question of law and fact include, but are not limited to, the following:

        a.        Whether Defendant made telephone calls to Plaintiff and class members using an artificial or pre-recorded voice without their prior express written consent;

        b.        Whether Defendant's conduct was knowing and/or willful;

        c.        Whether Defendant is liable for damages, and the amount of such damages, and

        d.        Whether Defendant should be enjoined from engaging in such conduct in the future.

29. Plaintiff asserts claims that are typical of each member of the Class because he is a person who received at least one call on his telephone using an artificial or pre-recorded voice without his prior express written consent.

30. Plaintiff will fairly and adequately represent and protect the interests of the proposed Class and has no interests which are antagonistic to any member of the proposed Class.

31. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

32. A class action is the superior method for the fair and efficient adjudication of this controversy.

33. Class wide relief is essential to compel Defendant to comply with the TCPA.

34. The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

35. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all prerecorded and the

members of the class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

36. Defendant has acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed class as a whole appropriate.

37. Moreover, the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. § 227, *et seq*.**

38. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 et seq.

40. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

41. Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

42. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. § 227, *et seq.*

43. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

44. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 et seq.

45. As a result of Defendant's violations of 47 U.S.C. § 227 et seq., Plaintiff and members of the proposed Class are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff and members of the proposed Class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

47. Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Class the following relief against Defendant:

(a) Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

(b) As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

(c) As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

(d) An award of attorneys' fees and costs to counsel for Plaintiff and the proposed class;

(e) An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Class, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firm representing Plaintiff as counsel for the Class;

(f) Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: September 24, 2020           Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Yitzchak Kopel*

Yitzchak Kopel
Alec M. Leslie
Max S. Roberts
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail: ykopel@bursor.com
          aleslie@bursor.com
          mroberts@bursor.com

*Attorney for Plaintiff*